UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DOROTHY A. JONES | CIVIL ACTION NO. 05-1146 |
| versus | JUDGE STAGG |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **REFERRED TO:**<br>**MAGISTRATE JUDGE HORNSBY** |

# MEMORANDUM RULING

**Introduction**

Dorothy A. Jones ("Plaintiff") applied for benefits based on a variety of physical and mental issues. She has an eleventh grade education and past work experience that includes employment as a housekeeper at a casino. She was 54 years old when ALJ Thomas Bundy denied her claim based on a step four finding that she could perform the demands of her past work as a housekeeper, as that job is generally performed.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff raises three issues on appeal. She urges that the ALJ erred because (1) he did not follow the special technique described in the regulations to evaluate the severity of her mental impairments, (2) he did not perform a complete function-by-function analysis, and (3) he lacked substantial evidence to find that she could perform the full range of light work.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff's mental health was evaluated by consultative examiner Samuel D. Thomas, Ed. D., a licensed psychologist. Plaintiff complained of depression and anxiety for the past ten years due to not having a job or income. She reported that she participates in outpatient treatment, including medication management of depressive and anxiety symptoms. Plaintiff was "uncooperative" during the examination and "did not appear to display her best effort

on all test items." She was well oriented and showed no formal signs of a thought disorder, but her general fund of accumulated information was weak when compared to other adults of her age. However, Dr. Thomas observed that Plaintiff did not display her best effort during that assessment. For example, when Plaintiff was asked what day comes after Saturday, she said "Monday." When asked, "What is the shape of a ball?" she said, "square." Dr. Thomas found those responses inconsistent with Plaintiff's reported ability to read the newspaper and read books of at least a fourth grade level. Plaintiff also appeared to intentionally respond slowly to test items.

Dr. Thomas diagnosed Plaintiff with adjustment disorder with mixed anxiety and depressed mood, but he also found that she was malingering. In the summary of his report, he stated that Plaintiff appeared to be functioning in the borderline to low average range of overall intellectual abilities, but "Assessment data do not indicate that emotional or mental problems would prevent [Plaintiff] from working at this time." Tr. 283-86.

The ALJ, relying on Dr. Thomas's report, found that Plaintiff did not have a severe mental limitation and that she did not meet the demands of any mental listing. Tr. 14. Plaintiff complains that the ALJ did not complete a psychological review technique form ("PRTF") or follow the special technique set forth in the regulations for the assessment of mental impairments. The regulations provide in 20 C.F.R. § 416.920a that the agency will, when evaluating the severity of mental impairments, follow a special technique at each level in the administrative review process. A standard document must be completed at the initial

and reconsideration levels, but at the ALJ and Appeals Council levels the agency need only "document application of the technique in the decision." § 416.920a(e). At those levels, the written decision issued by the ALJ "must incorporate the pertinent findings and conclusions based on the technique" and "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." § 416.920a(e)(2). The functional areas mentioned are activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. Under the current regulations, the PRTF is not mandated at the ALJ level so long as the decision incorporates the pertinent findings and conclusions based on the technique. Under a prior version of the regulations, some courts had held that the ALJ's failure to complete a PRTF was grounds for reversal and remand. Bloch on Social Security § 3:38 (Disability Based on Mental Condition).

The ALJ did not complete a PRTF, nor did he make specific findings with respect to the degree of limitation in each of the four functional areas. The omission could require reversal and remand in some cases, but that is not required in this case. The ALJ specifically discussed the only objective evidence on this issue and reached a conclusion that was fully supported by that evidence and adequately explained to permit meaningful judicial review. His failure to rigorously adhere to the regulation and discuss each of the four domains casts no doubt on the propriety of his decision and did not prejudice Plaintiff in this case. A remand, which would serve only a desire for procedural perfection, is not required.

Plaintiff also complains that the ALJ did not mention Listing 12.05 (mental retardation) despite Dr. Thomas's suggestion that Plaintiff was functioning in the borderline to low average of overall intellectual ability. The burden is on Plaintiff at step three to show that she satisfies a listing. She has not articulated how the evidence shows that she arguably meets the very specific requirements of the listing that include dependence upon others for personal needs and inability to follow directions, an IQ of 59 or less, marked restrictions or difficulties in certain areas or other specific conditions. The ALJ did not err by omitting a specific discussion of Listing 12.05.

Plaintiff next complains that her ability to kneel was not specifically discussed by the ALJ even though the functions of a housekeeper are described as involving occasional kneeling. Plaintiff does not, however, point to evidence that demonstrates she has a limitation on kneeling. She did sustain an ankle injury in 2002, and an MRI revealed a tiny chip fracture. Tr. 121. Plaintiff's treating orthopedic surgeon, Dr. Edward Morgan, reported in August 2002 that Plaintiff had been through physical therapy and was at maximum medical improvement, but she continued to have some intermittent discomfort in her ankle when she would stand and walk. Tr. 116. As of June 2003, Plaintiff continued to report discomfort in her ankle, primarily related to prolonged standing and walking. She did not have a history of give-way symptoms or sensations of instability; it was mainly an aching discomfort. Dr. Morgan reviewed an MRI and examined Plaintiff on more than one occasion, but he could not point to an objective basis for the cause of the discomfort. Tr.

110-14. Dr. Morgan's records do not include a suggestion of a kneeling limitation.

A remand may be in order when an ALJ overlooks objective evidence that strongly suggests a limitation that is inconsistent with the assessed RFC, but that did not happen in this case. The ALJ may not have specifically discussed Plaintiff's ability to kneel, but there is not any significant evidence pointed to by Plaintiff that indicates an inability to kneel that required discussion. The ALJ did not err in this regard.

Finally, Plaintiff complains that the ALJ erred in finding that she could perform the full range of light work. A job may fit in that category if, among other things, it involves sitting most of the time with some pushing and pulling of arm or leg controls. Plaintiff's sole argument is that the ALJ was wrong to find an RFC for light work when he stated in his decision that Plaintiff "is capable of . . . sitting approximately 2 hours a day." Tr. 16. But the very next sentence of the ALJ's decision states: "Claimant can also sit most of the time with some pushing and pulling of arm or leg controls." Accordingly, Plaintiff has not articulated a basis for error, and the Commissioner's decision to deny benefits will be affirmed.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 5th day of July, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE